[Civ. No. 9537. Second Appellate District, Division One.—February 18, 1936.]

T. B. YOUNG, Appellant, v. LLOYD K. HILLMAN et al., Respondents.

Henry K. Sargent for Appellant.

Rollinson, Phister & Bledsoe for Respondents.

YORK, J.—The complaint herein, which was held by the trial court to be insufficient to state a cause of action, alleged that on June 28, 1931, plaintiff, as owner of a twin-screw cruiser named "Rainbow", borrowed and received from defendant Lloyd K. Hillman the sum of $10,000; that "pursuant to said conspiracy" of the two defendants, plaintiff gave his promissory note in the sum of $13,857.70, with principal payable in instalments, together with interest at one per cent per month on the unpaid balances, and also gave to defendant Hillman Auto Loan Ltd., a chattel mortgage on the cruiser which was then valued at $25,000; that plaintiff being unable to pay the first instalment which was due August 28, 1931, under date of September 15, 1931, gave a bill of sale of the cruiser to the defendant Lloyd K. Hillman, and that, as a result thereof, the defendant unlawfully, fraudulently, maliciously and oppressively, "pursuant to the said conspiracy", took and received from the plaintiff for said loan of $10,000 grossly exorbitant usurious interest and profit of the value of $15,000. The prayer is for judgment of $15,000 as actual usurious damages and $50,000 as exemplary damages. Plaintiff seeks by this action to recover the difference between the alleged principal loaned and the alleged value of the yacht as usurious interest, on the theory that the transfer by a bill of sale of the cruiser, upon which a chattel mortgage had been given as security for the original loan, constituted payment of usurious interest.

The cause came on for trial on September 22, 1933, a jury was duly impaneled and counsel for plaintiff made his opening statement, whereupon defendants objected to introduction of any evidence in support of plaintiff's alleged cause of action, on the ground that the complaint failed to state facts sufficient to constitute a cause of action, which objection was sustained by the trial court. Thereafter, on October 5, 1933, plaintiff made a motion to set aside the minute order made by the court on September 22, 1933, directing that judgment be entered in favor of defendants, and also that plaintiff be given permission to file an amended complaint; whereupon, on October 17, 1933, the court denied plaintiff's motion to set aside the minute order that judgment of dismissal be entered, and plaintiff's motion for leave to file an amended complaint was denied. On October 25, 1933, the court made and entered its judgment dismissing the action on the ground that the complaint did not state facts sufficient to constitute a cause of action, and ordered that the defendants have and recover their costs from the plaintiff.

The record before us discloses that on September 22, 1933, the court made a thorough examination of the facts involved in the transaction, asking each of the attorneys just what he expected to prove. From the facts thus disclosed, the trial judge was justified in his apparent conclusion that the transaction here involved was nothing more or less than one wherein a debtor, who was obligated under a secured debt, turned over property given as security therefor, rather than stand a foreclosure action. Apparently there was no compulsion used other than a threat to foreclose the chattel mortgage. At the time of such hearing, no attempt was made by plaintiff or his attorney to file any amendment to the complaint, in fact it was stated that they intended to appeal from the judgment, and requested the court to make a memorandum of his decision; the court replied, ''I will be glad to do so, to summarize in writing what I have said here.'' Mr. Sargent, attorney for appellant, answered: ''Well, I mean just for the purpose of appeal, just to show the ruling of the court on the motion made. The Court: I will be very glad to comply with that request. The jury will be ordered discharged and a judgment for costs entered for the defendant.'' Whereupon, the jury was brought into the courtroom and was discharged

by the court, and the court adjourned, without any motion having been made by plaintiff but thereafter and after such adjournment on said 22d day of September, 1933, the plaintiff made an *ex parte* oral application to the trial judge in chambers for leave to file an amended complaint, which request was denied, the judge advising counsel for plaintiff that the only way to bring such a matter properly before the court would be on motion in open court after due and written notice to the defendants. Thereafter, on the 5th of October, 1933, plaintiff moved the court for an order setting aside the minute order of September 22, 1933, directing judgment for defendants, and at the same time applied to the court for permission to file an amended complaint, which application was supported by affidavit of plaintiff's attorney and resisted by an affidavit of one of the attorneys for the defendants, which latter affidavit recites (which recitation is not denied) as follows: " . . . that plaintiff's counsel did not at any time indicate that he wished to amend his complaint herein prior to the hearing of said objection (to the introduction of evidence) nor at any time during the hearing of the said objection, nor until after he had left the courtroom upon the ruling of the court upon said objection, and had returned to his office; that at the present time, plaintiff's counsel still insists, and has so stated to affiant, that said original complaint filed in said action states a cause of action against the defendants; that affiant makes this affidavit in opposition to plaintiff's affidavit filed in support of his motion to file an amended complaint herein, and for the purpose of showing that the ruling of the above-entitled court in excluding any evidence from being introduced in support of the allegations contained in the plaintiff's complaint did not surprise counsel, and that the failure of plaintiff's counsel to file an amended complaint herein was not occasioned by any mistake, inadvertence or excusable neglect upon his part, as mentioned in section 473, C. C. P."

It is recited in the judgment of the court entered under date of October 25, 1933: "The court having heard said motions and the arguments of counsel, and having duly considered said proposed amended complaint *upon the merits,* and having come to. the conclusion, *for reasons set forth* in the Court's Notice of Decision which has been filed herein, that neither said proposed amended complaint nor the original complaint states facts sufficient to constitute a cause of action, the court

denied plaintiff's motion to set aside the aforesaid minute order and also the motion for leave to file the proposed amended complaint. Plaintiff's counsel having requested the court so to do, the court now indicates that its sole reason for denying the said motions was the *aforesaid conclusion* reached by the court with respect to the insufficiency of the complaint and the proposed amended complaint.'' (Italics ours.)

The court's reference to the failure to state a cause of action is apparently limited by its finding that it had considered the question of setting aside the order for judgment and the motion for leave to file the proposed amended complaint on *its merits*. By this the court undoubtedly referred to the discussion which took place between the said court and counsel for plaintiff as to the facts involved in the transaction complained of at the time of the hearing in open court on September 22, 1933. That is probably the reason why both the court and counsel for plaintiff desired to have the discussion that took place at this so-called hearing set forth in full in the record. The amendment which was proposed at a later date was considered by the trial judge, but in his statements regarding his reason for his ruling, he stated nothing more than the facts disclosed to him upon the hearing. It would be a peculiar thing, if, after the lapse of time shown, and some time after the jury had been discharged, the court would permit an amendment, especially in view of the fact that at the time of the hearing when the original complaint was ruled upon, counsel for defendants offered to return the boat plus over $4,000 in improvements to the plaintiff, if he would pay merely the *principal* of the loan *without any interest,* which offer was peremptorily refused by counsel for the plaintiff.

In the case before us it was not alleged that any cash payment was ever made—in fact, an actual default had been made and after such default the plaintiff delivered the cruiser to respondents and executed a bill of sale to defendants at the same time. It is not alleged that under his contract with defendants he was under any obligation so to do and so far as the complaint alleges, he could have resisted successfully any effort of respondents to take possession of the cruiser. Furthermore, the complaint fails to state any of the details or terms of the transaction by which the cruiser was turned over to respondents. Appellant based his cause of action upon

something that occurred after he had made default in payment. As far as the complaint shows the original loan, in so far as the original $10,000 was concerned, was a perfectly valid transaction, and so was the giving of the chattel mortgage on the cruiser as security for payment of that part of the note that was given for the $10,000 actually loaned; and when appellant defaulted in his payment as provided by the original note, respondents had, of course, the right to foreclose on the chattel mortgage at least to the extent of $10,000 of the note secured thereby. The giving of the bill of sale for the cruiser, as alleged, even though it might have resulted in a profit to respondents, could not constitute the collection of usurious interest, unless respondents were alleged to have forced the giving of said bill of sale in some way. No *payment* of any interest is alleged. If *no interest is paid* on a usurious note the only penalty to be exacted is the withdrawal of any right to collection of any interest called for in the note.

We can find nothing in the complaint which indicates that the cruiser was delivered to respondents by appellant in payment of usurious interest.

The judgment is affirmed.

Doran, J., concurred.

Houser, P. J., concurred in the judgment.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.